# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MCLANE HADDOCKS, III, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:19-CR-0449-MLB-3 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:22-CV-1956-MLB-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of McLane Haddocks, III's pro se amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 71], and the government's motion to dismiss, [Doc. 77]. Because Haddocks has not responded to the motion to dismiss, it is deemed unopposed. See LR 7.1(B), NDGa. For the reasons that follow, it is **RECOMMENDED** that the government's motion to dismiss, [Doc. 77], be **GRANTED** and that this § 2255 motion be **DISMISSED** as time barred.

## I.  PROCEDURAL HISTORY

Haddocks consented to be prosecuted by an information charging him with conspiracy to possess with intent to distribute at least 40 grams of fentanyl and at

least 100 grams of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and with possession with intent to distribute fentanyl and heroin, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C), and 18 U.S.C. § 2. [Docs. 1 & 2]. Represented by Brian Mendelsohn of the Federal Defender Program, Inc., Haddocks entered a negotiated guilty plea to the conspiracy charge. [Docs. 5-1 & 75]. The Court entered judgment on December 3, 2020, sentencing Haddocks to seventy months of imprisonment. [Doc. 56]. Haddocks did not file a direct appeal.

Haddocks submitted this pro se collateral attack on his sentence on February 26, 2022.[1] [Doc. 70 at 8]. In his amended § 2255 motion, Haddocks argues only that the two-level sentencing enhancement under U.S.S.G. § 2D1.1(b)(1) was "incorrectly applied" to him because he "was never charged with, or pled guilty to," possession of a firearm. [Doc. 71 at 4; Doc. 71-1]. The government responds, in pertinent part, that his § 2255 motion is time-barred.[2] [Doc. 77 at 6-9].

---

[1] Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2255, Rule 3(d); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).

[2] The Court need not address in detail the government's alternative arguments since Haddocks' § 2255 motion clearly is time barred, but notes that the government correctly contends that: (1) Haddocks' motion is barred by his valid appeal waiver, [Doc. 5-1 at 14-16], as the Court specifically questioned him about

## II.  DISCUSSION

A § 2255 motion is subject to a statutory one-year limitation period, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

the appeal waiver, and it is clear that he understood the full significance of the waiver, [Doc. 75 at 25-27, 29-30], Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005); (2) Haddocks' sole ground for relief, which alleges a misapplication of the advisory sentencing guidelines, is not cognizable on collateral review, Delva v. United States, 851 F. App'x 148, 154 (11th Cir.) (citation omitted), cert. denied, 142 S. Ct. 374, 211 L. Ed. 2d 199 (2021); Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014); and (3) Haddocks' ground for relief is also procedurally defaulted because he failed to raise it on direct appeal and has not alleged cause and prejudice or actual innocence to excuse the default, McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011).

28 U.S.C. § 2255(f). In this case, there is no claim that the circumstances set forth in subparagraphs (2) through (4) of § 2255(f) apply.

Haddocks' conviction became final, for purposes of § 2255(f)(1), on December 17, 2020. See Fed. R. App. P. 4(b)(1)(A)(i), (6) (providing that a defendant's notice of appeal must be filed within fourteen days after the written judgment of conviction is entered on the criminal docket); see also Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires.") (citation omitted). Because Haddocks did not file his § 2255 motion until February 26, 2022, approximately one year and two months after his conviction became final, it was not timely under § 2255(f)(1).

Haddocks has not alleged actual innocence or extraordinary circumstances that might excuse the late filing of his § 2255 motion. See Banks v. United States, 770 F. App'x 946, 948 (11th Cir. 2019) (per curiam) (A plea of actual innocence can overcome the one-year limitations period for filing a § 2255 motion if the movant presents "new, reliable evidence that he is factually innocent of the crime[s] of conviction." (citing Schlup v. Delo, 513 U.S. 298, 324 (1995))); Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007) (per curiam) ("The statute of

limitations can be equitably tolled where a petitioner 'untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'") (citation omitted).  Accordingly, Haddocks' § 2255 motion is due to be dismissed as untimely.

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28 states that a COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Because the dismissal of Haddocks' § 2255 motion as time barred is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the government's unopposed motion to dismiss, [Doc. 77], be **GRANTED**, that this § 2255 motion be **DISMISSED** as time barred, and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 26th day of September, 2022.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE